IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SEAN PATRICK TWEEDLIE,

    Plaintiff,

v.                              Civil Action No. 5:11CV162
                                                      (STAMP)
JAMES SPENCER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On November 14, 2011, the pro se[1] plaintiff, Sean Patrick Tweedlie, filed a civil rights action pursuant to 42 U.S.C. § 1983 setting forth the following claims: (1) that he had to sleep on the floor; (2) that he had to share a one-bunk cell with another person; (3) that he had to sit on the steps to eat because there are not enough seats at the tables; (3) he did not have soap, toothpaste, or a toothbrush; and (4) he does not receive enough cleaning supplies. As relief, the plaintiff requests that he be moved or released from the Northern Regional Jail.

Also on November 14, 2011, the Court sent the plaintiff a notice of deficiency, advising him that he was required to provide a copy of his prisoner trust account report and copies of his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

ledger sheets by December 5, 2011. The plaintiff never complied with the deficiency notice. On December 13, 2011, the Court issued an order to show cause why this case should not be dismissed without prejudice, directing the plaintiff to respond by December 28, 2011. The plaintiff never filed a response to the order to show cause.

On February 7, 2012, United States Magistrate Judge James E. Seibert issued a report and recommendation recommending that the plaintiff's complaint be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of his recommendation. Neither the plaintiff nor the defendant filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes

are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived.  <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).  Because no objections were filed in this case, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. <u>Discussion</u>

The magistrate judge found that the plaintiff never complied with the deficiency notice and that he never responded to the December 13, 2011 order to show cause.  Return receipts for both of these documents were docketed, indicating that service was received (ECF Nos. 7 and 9).  Rule 41 of the Federal Rules of Civil Procedure states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Because the plaintiff has failed to provide the requested copies of his prisoner trust account report and ledger sheets, has not requested additional time to do so, and has not explained the reasons for his noncompliance, this Court agrees that his complaint must be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

## IV. Conclusion

Because the parties did not object to the report and recommendation of the magistrate judge and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      March 5, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE